United States District Court
District of Connecticut

| | |
|---|---|
| DOODY III JAMES J,<br>JAMES J DOODY III TRUSTEE OF THE<br>MARY Y, DOODY REVOCABLE TRUST<br>DATED JUNE 17, 2002<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC AKA MR.<br>COOPER, FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION AKA FANNIE MAE ITS HEIRS<br>AND ASSIGNS | DOCKET NO:<br><br><br><br><br><br>MAY 04, 2021 |

## COMPLAINT

**JURISDICTIONAL ALLEGATIONS:**

1. JAMES J. DOODY II is an individual and resident of the State of Connecticut.

2. JAMES J DOODY III TRUSTEE OF THE MARY Y, DOODY REVOCABLE TRUST DATED JUNE 17, 2002 is a corporation doing business in the State of Connecticut.

3. The Defendant NATIONSTAR MORTGAGE, LLC aka MR. COOPER, hereafter ("Mr. Cooper") is a national bank who conduct business in this state.

4. The Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION AKA FANNIE MAE, ITS HEIRS AND ASSIGNS hereafter ("FANNIE") is a national bank who conduct business in this state.

5. This Court has jurisdiction because the Plaintiff's claims are violation of federal laws, specifically "FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq", supplemental jurisdiction and diversity jurisdiction because the Plaintiffs and the Defendants are from different states and the amount in controversy is over twenty seventy-

five thousand dollars ($75,000.00).

6. Venue is proper because the foreclosure action and the property which gave rise to this action are from this state.

## INTRODUCTION

This action is brought because the Defendants refuse to recalculate the debt of the Plaintiffs, one of which is an attorney in this state in good standing.  After the Plaintiffs obtained judgment in a foreclosure case brought by the Defendants, the Defendants continue to act as if the Plaintiffs never won the case and continue to send mortgage statements which include attorney fees and other costs related to the foreclosure action which the Defendants lost.   As a result of the Defendants' actions, the Plaintiff continue to suffered damage to his

## FACTUAL ALLEGATIONS

1. The Mary Y Doody Memorial Trust, dated 17 June 2002, is the owner of the residence and property located at 60 Harding Avenue, Branford, CT 06405 (hereinafter referred to as "the Trust Plaintiff").

2. James J Doody III, Esq. is Trustee of the Mary Y Doody Memorial Trust (hereinafter collectively referred to as "Trustee Plaintiff") and had possessory interest in the aforementioned property.

3. Upon information and belief, the Defendants are in business together for a profit and are therefore general partners and liable for each other's actions in the conducts alleged in this case.  In all the acts mentioned in this complaint, the Defendants acted as alleged owner of the loan or agent of the alleged owner of the loan and therefore, the alleged owner of the loan is vicarious liable for the act of the agents.

4. Upon information and belief, in August, 2011, Trustee Plaintiff entered into an "Open-End Mortgage Deed" with Bank of America, N.A. (hereinafter, the "Mortgage") for the

Property in the face amount of Two Hundred One Thousand Seven Hundred Fifty-Six and 88/100 US Dollars (US$201,756.88), with a payment schedule of One Thousand Three Hundred Fifty-Seven and 81/100 US Dollars (US$1357.81) per month.

5. In July, 2013, Trustee Plaintiff refinanced the Mortgage for the Property with Bank of America, N.A. in the face amount of One Hundred Ninety-Nine Thousand Four Hundred Thirty-Five and 43/100 US Dollars (US$199,435.43), with a payment schedule of Nine Hundred Sixty-Nine and 30/100 US Dollars (US$969.30) per month at an interest rate of 4.125% per annum.

6. From January – June, 2014, a period of six (6) months, Trustee Plaintiff was unable to pay the Mortgage to Bank of America due to his unexpected family medical costs & his extended period of unemployment.

7. Immediately upon Trustee Plaintiff's return to work, in July, 2014, monthly Mortgage payments for the Trust Plaintiff property resumed in full & on time and continued without interruption through December, 2016 – a period of thirty (30) months, totaling Thirty-Two Thousand Six Hundred Ninety-Seven and 84/100 US Dollars (US$32,697.84).

8. On September, 2014, despite Trustee Plaintiff's resumption of the monthly Mortgage payments (as stated above), Bank of America initiated a foreclosure action (with docket number and case name **NNH-CV14-6049727-S - FEDERAL NATIONAL MORTGAGE v. DOODY, III, JAMES J Et Al)**.

9. The Plaintiff, Doodys, obtained judgment in his favor in the aforementioned foreclosure action.

10. On June 29, 2018, the Honorable James Abrams rendered a decision in favor of the Plaintiffs.  (See exhibit A)

11. Following the judgment in June 29, 2018, the Plaintiff's note was allegedly transferred to NATIONSTAR MORTGAGE, LLC dba Mr. Cooper for services.

12. Upon information and belief, the Plaintiff's note is still owed by FANNIE MAE or its heirs and assigns.

13. FANNIE MAE acquired the note or debt of the Plaintiffs while the Plaintiffs were in foreclosure.

14. At all times mentioned, NATIONSTAR MORTGAGE, LLC dba Mr. Cooper is an authorized agent of FANNIE MAE and was authorized to act on behalf of FANNIE MAE in all and every aspects regarding the Plaintiff's note.

15. At all times mentioned, NATIONSTAR MORTGAGE, LLC dba Mr. Cooper was and is authorized agent of FANNIE MAE and was authorized to send mortgage statements to the Plaintiffs.

16. Since the time the Plaintiff's note was allegedly transferred to the Defendants for ownership or servicing, the Defendants have repeatedly notified each of the three (3) national credit reporting agencies – Experian, Equifax and TransUnion – that the Defendants alleged failure to make <u>any</u> mortgage payments since July, 2014 constitutes a "serious delinquency", the result of which false information presented by Defendants has caused a severe adverse effect on Trustee Plaintiff credit status throughout the United States.

17. The Defendants never recalculated the debt amount after losing the aforementioned underlying foreclosure actions.

18. The Defendants failed to credit the Plaintiffs for the amount paid during the underlying foreclosure case.

19. Following the foreclosure judgment in favor of the Plaintiffs in this case (Defendants in the underlying case), the Defendants FANNIE and Mr. Cooper continue to send statements to the Plaintiffs that include attorney fees, costs et al even though they did not prevail in the foreclosure matter.

20. The Plaintiffs have made several request for a recalculation of the debt and the Defendants ignored all requests and instead continued to send the erroneous debt amount without removing the amount for which the Plaintiffs are not liable since they obtain judgment.

21. In response to the Plaintiffs 4th request for a recalculation and specifically a request for a payoff in order for the Plaintiff to complete a purchase and sale of the property, the Defendants on May 4, 2020 sent the Plaintiffs a payoff amount which was erroneous as it included the attorney fees from the foreclosure case, no credit for the payments made by the Plaintiff among other reasons.

22. In response to the Plaintiffs' request for reinstatement, the Defendants on May 4, 2020 sent the Plaintiffs.

23. On May 15, 2020, the Plaintiffs disputed the amount the debt in two page letter with detailed explanation which would have led a reasonable prudent lender or servicer to review their records and make the proper corrections; however, the Defendants continued and continue to send erroneous statements to the Plaintiffs as if the foreclosure case never took place.

24. Every month since the start of the servicing of the loan by NATIONSTAR following the foreclosure to the present and into the future, the Defendants sent monthly mortgage statements showing the wrong amount of principal, interest due and other errors.

25. Every month since the start of the servicing of the loan by NATIONSTAR following the foreclosure to the present and into the future, the Defendants sent monthly mortgage statements showing the wrong amount of principal, interest due and other errors.

26. Every month since the start of the servicing of the loan by NATIONSTAR following the foreclosure to the present and into the future, the Defendants have failed to remove the

Lis Pendens and notice of foreclosure action in the town clerk's office regarding the property of the Plaintiffs.

27. The undisputed fact is that Defendants' knowingly and intentionally claimed non-payment by Plaintiffs in order to increase Defendants' claim for the amount(s) due. As such, the Defendants' actions of record in the foreclosure case were patently false.

28. The Defendants have engaged in the deceitful practice of claiming "payment outstanding" and "serious delinquency" – all of which have been proven false during the foreclosure case above, they instituted the practice of increasing the monthly mortgage amount due, commencing in October, 2015 and continuing to the present.

29. Each time the Defendants send a statement to the Plaintiff from the start of the servicing of the loan by NATIONSTAR following the foreclosure to the present and into the future, is a separate violations continuing conduct and as of the date of this complaint, the Defendants continue to send false mortgage statements to the Plaintiffs. The Plaintiffs understands that some of these statements may be outside of the statute of limitation but is including them to show to the trier of facts the reckless behavior of the Defendants.

## **COUNT ONE - BREACH CONTRACT**

(AS TO ALL DEFENDANTS)

1-29 Paragraph 1 through 29 of the factual allegations are hereby incorporated and made paragraph 1 through 29 of this count.

30. The parties' mortgage agreement and any subsequent modification constituted a valid contract.

31. The Defendants refuse performed pursuant to the contract and continue to send erroneous statement to the Plaintiffs and refuse to recalculate the debt.

32. The Defendant is collaterally estopped from denying the breach of the contract as there is a judgment in NNH-CV14-6049727-S - FEDERAL NATIONAL MORTGAGE v. DOODY, III,

JAMES J Et Al in where the Defendants were found to be in breach in the underlying foreclosure case.

33. As a result of the Defendant's breach, the Plaintiffs incurred damages.

## COUNT TWO - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

(AS TO ALL DEFENDANTS)

1-33 Paragraph 1 through 33 of COUNT ONE are hereby incorporated and made paragraph 1 through 33 of this count.

34. The Defendant's actions were a breach of the duty of the good faith and fair dealing which exists in every contract.

## COUNT THREE - VIOLATION OF CUTPA

(AS TO ALL DEFENDANTS)

1-33 Paragraph 1 through 33 of COUNT ONE are hereby incorporated and made paragraph 1 through 33 of this count.

34. The Defendant's course of conduct, as alleged herein, has been undertaken in the conduct of trade and commerce as defined in Conn. Gen. Stat. section 42-110a(4)

35. On at least one occasion, since 2013 until now, in the process of servicing the Plaintiff's loan, the Defendant misrepresented the facts to the Plaintiffs.

36. On at least one other occasion, as alleged in the factual allegations, the Defendants misled their clients.

37. On several other occasions, the Defendants interred into contracts with consumers like the Plaintiffs for the purpose of misleading them and steal their money or their homes.

38. The Defendants have made or caused to be made, directly or indirectly, explicitly or by implication, representations and omissions to the Plaintiffs and Connecticut consumers.
39. The Defendant misrepresented its intentions to the Plaintiffs.
40. The Plaintiffs reasonably relied on the representation of the Defendant.
41. The actions of the Defendant of bait and switch and stealing and converting was deceptive, fraudulent, unscrupulous, unethical, immoral and illegal as described above, and violates the public policies of the State of Connecticut.
42. The aforementioned patterns and practices and actions of the Defendant were designed to enrich the Defendant at the expense of the Plaintiffs.
43. As a direct and proximate result of the actions of the Defendant, the Plaintiff sustained loss of money, time and emotional distress.
44. A copy of this complaint was sent to the Connecticut Department of Consumer Protection Commissioner and the Attorney General Office of the State of Connecticut.

## COUNT FOUR -  VIOLATION OF

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq

(AS TO ALL DEFENDANTS)

1-33 Paragraph 1 through 33 of COUNT ONE are hereby incorporated and made paragraph 1 through 33 of this count.

34. The Defendant's course of conduct, as alleged herein, has been undertaken in the conduct of trade and commerce as defined in Conn. Gen. Stat. section 42-110a(4)
35. The Defendant is an alleged legal entity doing business in this State.
36. The Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3).

37. The mortgage loan that is the subject of this litigation is a debt as that term is defined by 15 U.S.C. 1692a(5).

38. The Defendant is a debt collector as that term is defined by 15 U.S.C. 1962a(6)

The Defendant is engaged in conduct violating one or more sections of 15 U.S.C. 1962 et seq, by doing the following non-exhaustive list of acts:

    a) made false , deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

    b) threatened the   Plaintiff with a lawsuit if they did not make payments.

    d) Kept promising the cross Plaintiff to fix the error in the mortgage payment calculations.

    e) by providing the Plaintiffs a miscalculated mortgage payment amount.

    f) sending mortgage statement with a debt amount that was erroneous.

39. As a result of the actions of the Defendant, the Plaintiff incurred damages and is entitled to all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

## COUNT FIVE-  VIOLATION OF

### Connecticut Fair Debt Collection Practices Act § 36a-646 et seq

(AS TO ALL DEFENDANTS)

1-33 Paragraph 1 to 33 of COUNT ONE are hereby incorporated and made paragraph 1 to 33 of this count.

34. The Defendant is a creditor as that term is defined by C.G.S. § 36a-646.

35. The Plaintiffs are consumer debtor as defined by as that term is defined by C.G.S. § 36a-646

36. The Plaintiffs' modified mortgage is a debt as that term is defined by C.G.S. § 36a-646

37. The Defendant is engaged in conduct violating one or more sections of C.G.S. § 36a-646 et seq, by doing the following non- exhaustive list of acts:

a) made false, deceptive and/or misleading representations in connection with its efforts to collect a debt.

b) threatened the Plaintiff with a lawsuit if they did not make payments.

d) Kept promising the Plaintiff to fix the error in the mortgage payment calculations.

e) by providing the Plaintiffs a miscalculated mortgage payment amount.

f) sending mortgage statement with a debt amount that was erroneous.

38. As a result of the actions of the Defendant, the Plaintiff incurred damages and is entitled to all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

## COUNT SIX - NEGLIGENT INFLICTION OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AS TO ALL DEFENDNATS)

1-39 Paragraph 1 to 39 of count FOUR are hereby incorporated and made paragraph 1 to 39 of this count.

40. The Defendant had a duty to act in such a way so as not to put anyone in the Plaintiff's position in risk of harm.

41. If the Defendant was not aware that the amount of the debt was erroneous, it became aware of it after the foreclosure action judgment in favor of the Plaintiffs

and the letter of dispute sent by the Plaintiffs to the Defendants during the year 2020.  Instead, the Defendant continues to send erroneous statements to the Plaintiffs.

42. The Defendant breached that duty when it foreclosed on the Plaintiff and continues to send erroneous mortgage statements as of today when it knew and knows that the Plaintiff's debt should be recalculated to remove certain fees after the foreclosure action terminate in favor of the Plaintiff.

43. As a direct and proximate result of the Defendant's breach, the Plaintiff incurred money damages and suffered extreme emotional distress.

44. The Defendant's actions were a substantial factor in causing the Plaintiff's harm.

## COUNT SEVEN - DEFAMATION OF CHARACTER

(AS TO ALL DEFENDNATS)

1-44 Paragraph 1 to 44 of count SIX are hereby incorporated and made paragraph 1 to 44 of this count.

45. The Defendant's statements about and concerning the Plaintiff's delinquency and default on its/his mortgage were false.

46. The Defendant's statements were made to third persons.

47. The Defendant's statements were made with malice.

48. A reasonable person in the Plaintiff's position would find the statements made about him/her by the Defendant highly offensive.

49. As a direct and proximate result of the false statements, the Plaintiff suffered money damages, harm to his/her reputation and extreme emotional distress.

## **COUNT EIGH - FALSE LIGHT**

(AS TO ALL DEFENDNATS)

1-49 Paragraph 1 to 49 of count THIRTY-ONE are hereby incorporated and made paragraph 1 to 49 of this count.

50. The Defendant's statements about and concerning the Plaintiff's delinquency and default on its/his mortgage were false and the Defendant knew and acted in reckless disregard as to, the falsity of the statements it published about the Plaintiff, and the false light in which such statements would place the Plaintiff.

51. The Defendant's statements were made to third persons.

52. The Defendant's statements were made with malice.

53. A reasonable person in the Plaintiff's position would find the statements made about him/her by the Defendant highly offensive. The Defendant's statements about the Plaintiff, placed her/him in a false light that misrepresented her/his character, history and activities in such a major way that it would be highly offensive to a reasonable person.

54. As a direct and proximate result of the false statements, the Plaintiff suffered money damages, harm to his/her reputation and extreme emotional distress.

**WHEREFORE**, the cross Plaintiff demands:

1. Money damages

2. Award of legal fees.

3. All relief afforded under 12 U.S.C. 2605(f) including to statutory damages, actual damages, attorney fees and costs.

4. all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

5. all relief under 36a-646 et seq including but limited to statutory damages, actual damages, attorney fees and costs of suit.

6. Punitive damages under Connecticut law in the form of an award of attorney fees for this action;

7. Double or Treble damage for each appropriate claims.

8. Any other relief the Court deems fair and equitable.

## JURY DEMAND

The Plaintiffs demand a jury trial on all issues so triable.

THE PLAINTIFFS.
DOODY III JAMES J,
JAMES J DOODY III TRUSTEE OF THE
MARY Y, DOODY REVOCABLE TRUST

/s/__Andre Cayo (ct29012)__
Andre Cayo, Esq. (Ct29012)
ANDRE CAYO, LLC d/b/a Law Offices of Cayo & Associates
84 W. Park Place, 3rd Floor
Stamford, CT 06901
203-517-0416  Phone
203-517-0418 Fax
Cayolaw@gmail.com