UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES J. DOODY, III and JAMES J. DOODY, III, TRUSTEE OF THE MARY Y. DOODY REVOCABLE TRUST DATED JUNE 17, 2002,

Plaintiffs,

-against-

NATIONSTAR MORTGAGE, LLC AKA MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION AKA FANNIE MAE,

Defendants.

**MEMORANDUM OF DECISION GRANTING NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS**

3:21-CV-00609 (VDO)

**VERNON D. OLIVER**, United States District Judge:

Plaintiff James J. Doody, III, individually and in his capacity as Trustee of the Mary Y. Doody Revocable Trust Dated June 17, 2002, commenced the above-captioned matter against Defendants Federal National Mortgage Association ("Fannie Mae")[1] and Nationstar Mortgage, LLC ("Nationstar"), alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Connecticut Unfair Trade Practices Act ("CUTPA"), and the Connecticut Fair Debt Collection Practices Act ("CFDCPA"), and for breach of contract, breach of the duty of good faith and fair dealing, negligent infliction of emotional distress, defamation of character, and false light. (Compl., ECF No. 1.) Defendant Nationstar moves to dismiss the Complaint pursuant to the prior pending action doctrine under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.

[1] The Court previously granted Fannie Mae's unopposed motion to dismiss. (ECF No. 35.)

Mot. to Dismiss ("Def. Mot."), ECF No. 21; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), ECF No. 21-1.) For the reasons discussed below, the Court **grants** Nationstar's motion.

## I. BACKGROUND

The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Defendant's motion. This is primarily a FDCPA action arising out of a mortgage deed and note entered into between Plaintiff James J. Doody, III and non-party Bank of America, N.A. ("Bank of America") for a property located at 60 Harding Avenue in Branford, CT. (Compl. ¶¶ 1, 4.) The Mary Y. Doody Memorial Trust, of which Mr. Doody is trustee, owns said property. (*Id.* ¶ 2.)

Plaintiff refinanced the mortgage on the property in July 2013. (*Id.* ¶ 5.) Bank of America assigned the mortgage to Fannie Mae but continued to service the mortgage until September 2015, at which time Seterus, Inc. ("Seterus") took over servicing from Bank of America. *Doody v. Seterus, Inc.*, No. 3:19-CV-1191 (RNC), 2022 WL 993579, at *1 (D. Conn. Apr. 1, 2022).[2]

From January to June 2014, Plaintiff failed to make mortgage payments to Bank of America. (Compl. ¶ 6.) Plaintiff resumed making payments in full starting in July 2014 and

[2] The court may consider the following materials on a Rule 12(b)(6) motion to dismiss: (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd on other grounds*, *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935, 126 S.Ct. 421, 163 L.Ed.2d 321 (2005).

continuing through December 2016. (*Id.* ¶ 7.) In September 2014, Bank of America initiated a foreclosure action in state court, claiming that plaintiff was in default because his renewed monthly payments failed to cover the seven-month arrearage. (*Id.* ¶ 8.) The state court entered a decision on June 29, 2018 stating that Fannie Mae could not demonstrate Mr. Doody's default by a preponderance of the evidence. *Fed. Nat'l Mortg. v. Doody*, No. CV146049727, 2018 WL 3511216, at *1 (Conn. Super. Ct. June 29, 2018). Following the judgment, the mortgage note was transferred to Nationstar for servicing after Nationstar acquired Seterus in 2019. (Compl. ¶ 11; Mr. Cooper Group Inc., Current Report (Form 8-K) (Mar. 1, 2019).)

Since the time the mortgage note was transferred to Nationstar, the credit reporting agencies (Experian, Equifax, and TransUnion) were repeatedly notified that "Defendants['] alleged failure to make <u>any</u> mortgage payments since July, 2014 constitutes a 'serious delinquency'" and, as a result, Mr. Doody's credit status has been adversely affected. (Compl. ¶ 16.) Mr. Doody further claims that Defendants "continue to send [mortgage] statements to the Plaintiffs that include attorney fees, costs et al even though they did not prevail in the foreclosure matter" and which erroneously show the "wrong amount of principal, interest due and other errors." (*Id.* ¶¶ 19, 24.) Mr. Doody seeks damages and attorneys' fees. (*Id.* at 13.)

## II. <u>LEGAL STANDARD</u>

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citation and quotation marks omitted).

While the prior pending action doctrine does not actually implicate the court's subject matter jurisdiction, a motion to dismiss is the proper procedural vehicle through which to assert this doctrine. *Halpern v. Bd. of Educ. of City of Bristol*, 495 A.2d 264, 266 (Conn. 1985); *In re Jessica M.*, 802 A.2d 197, 203 (Conn. App. Ct. 2002). A motion to dismiss based on the prior pending action doctrine is appropriate, although the principle is not enumerated in Rule 12(b) of the Federal Rules of Civil Procedure. *See Odesina v. Saint Francis Hosp.*, No. 3:01-CV-1091 (PCD), 2002 WL 32500865, at *2 (D. Conn. Feb. 26, 2002) (granting motion to dismiss on prior pending action grounds pursuant to Rule 12(b)(1)); 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1360, at 89 (3d ed. 2004).

## III. DISCUSSION

### A. Prior Pending Action Doctrine Requires Dismissal of Action.

Nationstar argues that the prior pending action doctrine requires dismissal of the instant action pending resolution of the earlier action filed by Mr. Doody, *Doody v. Bank of America, N.A. et al.*, 3:19-CV-01191-VDO (D. Conn.) ("*Doody I*"). (Def. Mem. at 7-8.) Plaintiff responds that this action should be maintained because *Doody I* "alleges actions of the Defendant up until the time of the filing of th[is] suit," but concedes that he attempted to consolidate *Doody I* with the present action. (Pl. Opp. to Def. Mot. to Dismiss ("Pl. Opp."), ECF No. 24 at 1.)

"Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second." *Motion Picture Lab'y Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) (internal quotation marks omitted). It is proper to either stay or dismiss the subsequently-filed case in deference to the earlier-filed case. *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). Dismissal is appropriate where "an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit." 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1360, at 89 (3d ed. 2004).

The prior pending action doctrine is closely related to the doctrine of claim preclusion, with the purpose of the prior pending action rule being to avoid the inefficiencies of litigating that which will be precluded by the latter suit. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A claim will be precluded when "the same or connected transactions are at issue and the same proof is needed to support the claims in both suits or, in other words, *whether facts essential to the second suit were present in the first suit.*" *Id.* at 139 (emphasis added).

An issue is precluded if it could have been raised in an earlier suit, regardless of whether it was actually raised. *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992).

Mr. Doody's argument that the two actions are distinct because "the instant lawsuit is for the claims of what the Defendants continue to do following the filing of the prior suit" is without merit. *Doody I* and the present action involve the following: (1) virtually the same parties, as Nationstar acquired, and has taken place of, defendant Seterus in *Doody I*; and (2) the same facts and claims alleging violations of the FDCPA, CUTPA, and CFDCPA, and for breach of contract, breach of the duty of good faith and fair dealing, negligent infliction of emotional distress, defamation of character, and false light. The claims in the instant action could have been, and in fact were, raised in *Doody I*.[3] Judge Chatigny's denial (without prejudice) of Plaintiff's motion for leave to amend the complaint in *Doody I* to add Nationstar as a defendant (*Doody I*, ECF No. 56) does not authorize Mr. Doody to bring a second action for purposes of pursuing claims denied in the first action. *See Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 244 (D. Conn. 2007) (granting motion to dismiss based on prior pending action doctrine because plaintiff's claims "could all be asserted in the first-filed action"); *Odesina*, 2002 WL 32500865, at *2 (plaintiff's actions involved "the same parties, the same facts and claims alleging race discrimination, gender discrimination and breach of contract").

Accordingly, the Court grants Nationstar's motion to dismiss based on the prior pending action doctrine pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[3] *See* Def. Mem. at 8 n.1 (comparing the claims brought in *Doody I* and the current action).

**B. Plaintiff's FDCPA Claim Fails Under Fed. R. Civ. P. 12(b)(6).**

Although the Court dismisses this action on the basis of the prior pending action doctrine, the Court has also considered Nationstar's arguments for dismissal of Plaintiff's FDCPA and state law claims under Federal Rule of Civil Procedure 12(b)(6).

**1. Statute of limitations does not bar Mr. Doody's claim.**

Nationstar argues that Mr. Doody's FDCPA claim is barred by the statute of limitations, which is one year from the date on which the violation occurred, since the "the claimed issues arose at the latest in July 2014" and the continuing violation theory does not apply. (Def. Mem. at 12-13 (citing 15 U.S.C. § 1692k(d).) Mr. Doody contends that "[t]he claims resulting from the erroneous statements and amount of debt started a statute of limitation each time the plaintiffs were sent a statement." (Pl. Opp. at 9.) The Court agrees with the plaintiff.

Here, the Complaint alleges that Defendants "instituted the practice of increasing the monthly mortgage amount due, commencing in October, 2015 and ***continuing to the present***" and separately, that ***"[e]very month since the start of servicing of the loan by NATIONSTAR*** … the Defendants sent ***monthly mortgage statements*** showing the wrong amount of principal, interest due and other errors." (Compl. ¶¶ 24, 28 (emphases added).) As Judge Chatigny explained in *Doody I*:

> The continuing violation doctrine is an exception to the typical "knew-or-should-have-known accrual date" in statutes of limitations. *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999). It enables a plaintiff to seek relief for otherwise time-barred conduct that occurred over a period of time but in fact constituted "one unlawful . . . practice." *Washington v. Cnty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). The doctrine does not apply to discrete unlawful acts, such as the transmission of a false mortgage statement, even when those acts are part of serial violations. *Id.*

*Seterus*, 2022 WL 993579, at *5. Therefore, because successive mailing of letters or statements mischaracterizing debt obligations can give rise to independent FDCPA violations each time a letter is sent, *Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262, 266–67 (D. Conn. 2005), the Court finds that the statute of limitations does not bar Mr. Doody's FDCPA claim.

**2. Mr. Doody's fails to sufficiently allege a FDCPA claim.**

To establish a violation under the FDCPA, (1) the plaintiff must be a consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a debt collector, and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements. 15 U.S.C. § 1692 *et seq.*; *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 270 (E.D.N.Y. 2018). Though the statute of limitations may not bar Mr. Doody's FDCPA claim, his generic, vague, and conclusory allegations warrant dismissal of the count.

First, Plaintiff's FDCPA claim has been brought "as to all defendants" per the header, but the specific paragraph allegations for this count refer to "Defendant" in the singular. (Compl. ¶¶ 34-39.) Similarly, Mr. Doody fails to allege which provision(s) of the FDCPA Nationstar has violated; instead, he claims, "The Defendant is engaged in conduct violating ***one or more sections of 15 U.S.C. 1962 [sic] et seq***, by doing the following non-exhaustive list of acts …" (Compl. at 9 ¶ 38 (emphasis added).) In fact, nowhere in the Complaint does Plaintiff allege how Nationstar individually violated the FDCPA; rather, the closest Plaintiff gets to making an individual FDCPA allegation against Nationstar is to allege that the "Defendants FANNIE ***and*** Mr. Cooper continue to send statements to the Plaintiffs . . ." (*Id.* ¶ 19 (emphasis added).)

Plaintiff's lack of clarity as to whether he intended to bring the FDCPA claim against all defendants or one defendant (Nationstar) specifically, and his failure to put Nationstar on notice regarding which provisions of the FDCPA it allegedly violated warrant dismissal of the claim under Federal Rule of Civil Procedure 12(b)(6). *See Cicalo v. Hunt Leibert Jacobson, P.C.*, No. 3:16-CV-339 (SRU), 2017 WL 101302, at *3 (D. Conn. Jan. 10, 2017) (dismissing section 1692f claim on the ground that the complaint did not tie "specific factual allegation" to that claim); *Ehrich v. RJM Acquisitions LLC*, No. 1:09-CV-2696, 2009 WL 4545179, at *3 (E.D.N.Y. Dec. 4, 2009) ("Plaintiff failed to include in the Amended Complaint the language that allegedly violates the FDCPA, and did not connect the language to particular FDCPA provisions. . . . Plaintiff failed to satisfy the pleading standard of Rule 8 because his claims are legal conclusions with no factual support."); *Johnson v. Williams*, No. 1:17-CV-349, 2017 WL 8186856, at *4 (N.D. Ga. June 8, 2017), *R. & R. adopted by* 2017 WL 8217626 (N.D. Ga. July 24, 2017) ("Plaintiff has failed to identify which subsection or subsections either defendant allegedly violated and in what way those provisions were violated. Plaintiff therefore has failed to state a plausible claim against the Attorney Defendants under Section 1692e."); *Harrington v. Home Capital Funding, Inc.*, No. 08-CV-1579, 2009 WL 514254, at *4 (S.D. Cal. Mar. 2, 2009) (dismissing FDCPA claim for failing to allege the violation of any particular provision of the FDCPA).

Second, Plaintiff claims that the "Defendant is a debt collector" as defined by the FDCPA. (Compl. at 9 ¶ 38.) Assuming, *arguendo*, that "Defendant" here refers to Nationstar, Mr. Doody has not sufficiently alleged that Nationstar, as a mortgage servicer, is a debt collector under the FDCPA because he has not pled that the mortgage was in default at the time Nationstar began servicing the debt. *See Vallecastro v. Tobin, Melien & Marohn*, No.

3:13–CV–1441 (SRU), 2014 WL 7185513, at *3 (D. Conn. Dec. 16, 2014) ("District courts in the Second Circuit have interpreted section 1692a(6) to exclude [from the definition of "debt collectors" only] loan servicers who obtain a debt prior to default."); *Zirogiannis v. Seterus, Inc.*, No. 2:15–CV–5884, 221 F. Supp. 3d 292, 301–02 (E.D.N.Y. 2016) ("A mortgage servicer is a 'debt collector' within the meaning of the FDCPA if the mortgage was in default at the time the servicer began servicing the debt."); *Muniz v. Bank of Am., N.A.*, No. 1:11-CV-8296, 2012 WL 2878120, at *4–*5 (S.D.N.Y. July 13, 2012) (holding that servicer of mortgage was not a "debt collector" under the FDCPA where plaintiff did not allege that loan was in default at the time servicer acquired the debt). Because the Complaint lacks any factual allegations relating to the status of the mortgage loan at the time Nationstar began servicing it, Plaintiff fails to sufficiently allege a FDCPA claim pursuant to Rule 12(b)(6).

**3. Plaintiff's state law claims are also dismissed.**

Having dismissed Mr. Doody's FDCPA claim, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Therefore, the Court need not address Nationstar's arguments as to whether Mr. Doody has adequately stated a claim for violations of the CUTPA and CFDCPA and for breach of contract, breach of the duty of good faith and fair dealing, negligent infliction of emotional distress, defamation of character, and false light.

## IV. CONCLUSION

For the foregoing reasons, Nationstar's motion to dismiss [ECF No. 21] is **GRANTED** and the Clerk is directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
December 7, 2023

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge